IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HONG LEE WONG,

    Defendant.
                                      /

No. CR 12-00578 SI

**ORDER DENYING MOTION FOR BAIL PENDING APPEAL**

On July 18, 2014, the Court heard argument on defendant Hong Lee Wong's motion for bail pending appeal. Having considered the arguments of counsel and the papers submitted, the Court hereby DENIES defendant's motion.

## BACKGROUND

On February 11, 2014, following a three-week trial, a jury found defendant guilty of one count of wire fraud, and one count of aggravated identity theft. Dkt. No. 172. On May 30, 2014, the Court sentenced defendant to four months on the wire fraud count, and twenty-four months on the aggravated identity theft count, to be served consecutively. Defendant is to self-surrender on August 8, 2014, to begin serving his sentence.

On June 5, 2014, defendant filed a notice of appeal to the Ninth Circuit, case number 14-10276. Defendant now moves the Court to permit him to continue to remain free on bond, pending his appeal.

## LEGAL STANDARD

Where a defendant is convicted and sentenced to prison, the district court is required to detain the defendant pending appeal unless the defendant can show: (1) by clear and convincing evidence that he does not pose a flight risk or danger to the community; (2) the appeal is not for purposes of delay; and (3) the appeal raises a substantial issue of law or fact that is likely to result in reversal, an order for new trial on all counts for which he received a sentence of imprisonment, a sentence that does not include imprisonment, or a reduced sentence to a term of imprisonment "less than the total time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b). When Congress enacted the Bail Reform Act, it "shifted the burden of proof from the government to the defendant" with respect to demonstrating the propriety of remaining free on bail, pending appeal. *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985). Thus, it is the defendant's burden to overcome the presumption that he should be detained while his appeal is pending. *See United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

While the first two prongs of the test present fact-based issues, the third prong requires a more extensive analysis. The Ninth Circuit has held that "the word 'substantial' defines the level of merit required in the question raised on appeal, while the phrase 'likely to result in reversal' defines the type of question that must be presented." *Handy*, 761 F.2d at 1281. A question is "substantial" if it is "fairly debatable," or "fairly doubtful." *Id.* at 1283. Questions may be fairly debatable, or fairly doubtful if they are novel questions, or questions that cannot be answered by controlling precedent. *United States v. Christopherson*, No. 2:09-cr-00056-MMD-VCF, 2013 WL 820341, at *1 (D. Nev. Mar. 5, 2013) (quoting *Handy*, 761 F.2d at 1283)). "In short, a substantial question is one of more substance than would be necessary to a finding that it was not frivolous." *Handy*, 761 F.2d at 1281. The phrase "likely to result in [reversal or one of the other enumerated outcomes]," "defines the type of question that must be presented." *Id.* at 1281. However, a district court is not tasked with predicting the probable outcome of a defendant's appeal. *See id.* (citing *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)). Instead, "[a] court may find that reversal or a new trial is 'likely' only if it concludes that the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Miller*, 753 F.2d at 23.

**DISCUSSION**

Defendant argues that he has presented clear and convincing evidence that he is unlikely to flee or pose a danger to society if he is permitted to remain free. He further asserts that his appeal is not undertaken merely for delaying purposes. Defendant also argues that the following alleged errors present substantial questions of law or fact that require the Court to permit him to remain free on bail, pending appeal: (1) the exclusion from evidence of a purported falsified restraining order; (2) the exclusion of evidence that would have demonstrated that one of the government's witnesses was biased against defendant; (3) the denial of defendant's Rule 29 motions, made at the close of the government's case, and again at the close of evidence; (4) the admission of evidence regarding uncharged conduct in Hawaii; and (5) the admission of testimony that defendant offered the same scrap metal deal at issue in this case to a third party. The Court shall address each issue in turn.

**1.     Risk of Flight or Danger to Society.**

The Court is required to detain defendant pending appeal unless defendant proves by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any person or community if he is releases. *See* 18 U.S.C. § 3143(b)(1). Defendant argues that the Court should find that he poses no flight risk or danger because he has been free on bond during the pendency of this case, and has complied with all his bond conditions, including making all required court appearances.

The Court finds that defendant's history of complying with his bond requirements weighs in his favor. Not only did defendant make all of his pretrial appearances, he also appeared at his sentencing, knowing that he faced a mandatory two-year sentence on his aggravated identity theft conviction. The Court therefore finds that defendant has presented clear and convincing evidence that he is not a flight risk.

However, the Court cannot make a similar finding regarding danger to the community. Although defendant has no record of violent behavior, the Ninth Circuit has held that a finding of dangerousness may be based upon economic harm to the community. *See United States v. Reynolds*, 956 F.2d 192, 192-93 (9th Cir. 1992). The evidence at trial demonstrated that defendant used his scrap metal business to defraud potential clients. Not only was he involved in the conduct related to the Six Flags deal, there

3

1   was evidence that he had offered the same fraudulent deal to a third party. Defendant admits that he
2   continues to operate his scrap metal business, including a deal located somewhere in Mexico. *See* Dkt.
3   No. 277 at 3-4. Indeed, at the hearing defendant requested that the Court delay his self-surrender date
4   so that he could continue working on another scrap deal. The Court finds that defendant's continued
5   dealings in the scrap metal business raise at least some risk of economic danger to the individuals with
6   whom he will deal. Defendant has not presented clear and convincing evidence to the contrary.
7   Accordingly, the Court finds that defendant has failed to demonstrate that he would not pose a threat
8   to the community if released on bail pending appeal.

### 2.   Substantial Question of Law or Fact.

Even if the Court were to conclude that defendant had met his burden of proving by clear and convincing evidence that he is not a flight risk and poses no danger to the community, the Court would still need to address the issue of whether defendant's appeal is taken for the reasons of delay, and whether it "raises a substantial question of law or fact likely to result in" any of the four enumerated outcomes.[1] *See* 18 U.S.C. § 3143(b).

The Court has reviewed defendant's stated grounds for appeal and determines that the questions he presents are not substantial. Four of defendant's appellate issues deal with the admission or exclusion of evidence at trial. These issues do not present novel questions and binding precedent commits the determination of issues like these to the trial court's sound discretion. Moreover, even if defendant were to prevail on these evidentiary issues, they are not so integral to the jury's verdict that one of the enumerated outcomes would result. The remaining two issues defendant identifies relate to the Court's denial of his two Rule 29 motions – made at the close of the government's case, and again at the close of evidence. Beyond defendant's bare statement that these motions should have been granted, he presents no argument is support of his contention that this issue is "substantial." Defendant does not assert that whether the Court should have granted his Rule 29 motion presents a novel issue,

---

[1] The Court also notes that defendant offers no argument regarding delay, stating only that he presents significant appellate issues.

4

or one that is not governed squarely by binding precedent. The Court finds that this is a not a substantial question of law or fact.[2]

Accordingly, the Court finds that the issues defendant identifies for appeal do not present substantial questions of law or fact that, if decided in his favor, are likely to result in one of the statutorily enumerated outcomes.

## CONCLUSION

For the foregoing reasons and for god cause shown, and on the basis of the record before it, the Court finds that defendant has failed to overcome the presumption in favor of detention pending appeal, and therefore DENIES defendant's motion. This Order resolves Docket No. 255.

**IT IS SO ORDERED.**

Dated: July 21, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

---

[2] Although the propriety of the Court's denial of defendant's Rule 29 motions does not present a substantial question, it does satisfy the second part of this inquiry. If the appellate court were to review all the evidence in the light most favorable to the government, and decide that no rational trier of fact could have found the essential elements of the charged crimes beyond a reasonable doubt, *see United States v. Freter*, 31 F.3d 783, 785 (9th Cir. 1994), that determination would result in reversal. However, because defendant must demonstrate that the question is both substantial, and likely to result in an enumerated outcome, his argument must fail.

5